UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID BRIAN MORGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-389-R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

Petitioner filed this action in the United States District Court for the District of North Dakota seeking a writ of habeas corpus and the case was transferred to this Court. The case was then referred to United States Magistrate Judge Chris M. Stephens for preliminary review. The Court hereby withdraws the reference and dismisses this case for lack of jurisdiction as a second or successive habeas petition.

Petitioner returns to this Court seeking to once again challenge his March 30, 2011 conviction in the District Court of Oklahoma County, Case No CF-2010-7695. His current filing argues that the state court lacked jurisdiction to convict him and he is therefore serving an illegal sentence. Although his Petition references 28 U.S.C. § 2241, his allegations constitute an attack on the validity of his state court conviction and sentence and the Petition is therefore brought pursuant to 28 U.S.C. § 2254. Petitioner has unsuccessfully attempted to challenge his conviction and sentence, both in district court and in the Tenth Circuit, on numerous occasions. *See, e.g., Morgan v. United States*, No. 23-2079, 2023 WL 5622932, at *1 (10th Cir. Aug. 31, 2023). The Court will not list every

one of Petitioner's unsuccessful habeas cases. Suffice it to say that Petitioner is well aware that he must seek authorization from the Tenth Circuit in order to bring a second or successive habeas petition. Petitioner has not indicated that he has received the required authorization and this Court therefore lacks jurisdiction to entertain his Petition. Further, given Petitioner's abusive filing history and failure to demonstrate that he meets the requirements for bringing a second or successive habeas petition, transferring this action to the Tenth Circuit is not warranted.

Accordingly, the Petition is dismissed for lack of jurisdiction. Petitioner has not met the standard for issuance of a certificate of appealability and a certificate of appealability is therefore denied.

**IT IS SO ORDERED** this 11th day of April, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE